IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

JENNIFER FARLEY,

    Plaintiff,

CASE NO. 8:18-cv-171-T-30MAP

vs.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign corporation,

    Defendant.

_____/

## DEFENDANT-STATE FARM'S NOTICE OF REMOVAL

Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), files this Notice of Removal of the above-styled cause pursuant to 28 *U.S.C.* §1332 and § 1446, from the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, in which this action is pending, to the United States District Court, Middle District of Florida, and show unto this Court the following:

1. Plaintiff, **JENNIFER FARLEY** (""), originally filed an action for damages in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 2017-CA-007446-XX-CICI on December 19, 2017.

2. Farley alleges that she was involved in a motor vehicle accident on May 4, 2016, involving an uninsured/underinsured motorist. As a result, Farley contends that she is entitled to recover damages against State Farm, an Illinois corporation that provided Uninsured/Underinsured coverage pursuant to Policy No. 3510-3645-



9B. Farley's action constitutes a direct action against State Farm and is thus subject to removal.

3. Written notice of the filing of this Notice of Removal, has been given to through her attorney of record, Tony Griffith, 29605 U.S. 19 N., Suite 210, Clearwater, Florida 33761 on this day.

4. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

5. State Farm files with this Notice of Removal true and correct copies of all pleadings served and filed in the above-captioned state action. (See Composite Exhibit "A").

6. This Notice of Removal is filed by State Farm within thirty (30) days of Farley's effecting service of process upon State Farm's Florida Resident Agent. Farley's Complaint was filed on or about December 19, 2017, and served on State Farm December 29, 2017.

7. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over civil actions when the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. This action is one in which this Court has original jurisdiction since it involves a controversy exclusively between citizens of different states and since the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. §1332.

8. At the commencement of this action, and at the time of filing this Notice of Removal, State Farm was and presently is an Illinois corporation and existing

under the laws of the State of Illinois, having its principal place of business in Illinois, and is therefore a citizen of the State of Illinois authorized to conduct business in the State of Florida.[1]

9. Farley is resident and citizen of the State of Florida.

10. As a result of Farley being a citizen of the State of Florida and State Farm being a citizen of the State of Illinois, there is complete diversity of citizenship between all parties.

11. There are no other parties, ddefendants, or otherwise in this action.

12. Farley's Complaint filed in state court and first served on State Farm on December 29, 2017, alleging damages in excess of $15,000.00.

13. In addition, Farley, through his counsel of record, served upon State Farm, a document[2] stating a demand for damages in excess of $75,000.00 ($100,000), from which it can be ascertained that the case meets the requisite amount in controversy of $75,000.00 and the case is removable under 28 U.S.C. §1446(b) and § 1332(a).[3]

14. As additional support for the removal of the case regarding the amount in controversy, State Farm would show that:

---

[1] See printout from Florida Department of State, Division of Corporations reflecting that State Farm was organized under the laws of the State of Illinois and is authorized to do business in the State of Florida. See Exhibit "B".

[2] October 19, 2017, Demand Letter demanding $100,000 attached as Composite Exhibit "C" and incorporated by reference.

[3] State Farm disagrees that the Plaintiff will recover the sum or value of $75,000.00 and the request for removal of this case to Federal Court is not an admission regarding value. The request for removal is premised on the fact that the policy in this case or controversy is worth $100,000 and thus the case could potentially have a value in excess of $75,000.

(A) <u>Accident Particulars</u>: This accident occurred on May 4, 2016. The property damage to Farley's vehicle appears to have been significant. The cost for paint and parts to repair Farley's vehicle was $5,570.00. Farley was involved in a collision with Michael Henderson, who carried $100,000 in liability insurance per person.

(B) <u>Description of Farley's injuries</u>: After the accident, Farley reported several different injuries as recorded and noted by her treating physicians in their initial notes:

(1) Farley was transported to Mease Countryside Hospital on the day of the accident where she reported general neck and back pain.

(2) On March 13, 2017, Dr. Alan Graves noted that Farley had diminished range of motion throughout her cervical spine, pain in the left shoulder with forward elevation, abduction, and lumbar spine non-tender with limited flexion.

(3) On September 22, 2017, Farley had a left shoulder arthroscopy and a sub acromial decompression.

(4) Farley is still under the care of physician and undergoing medical treatment for the injuries she sustained in the accident.

15. <u>Past economic damages/out of pockets</u>: State Farm understands that that past medical bills alone are in excess of $59,192.09[4], which does not include any future medical treatment.

16. Based on the total specials and the nature of the injuries, it is conceivable for federal removal purposes (although State Farm disputes the value of the claim) that a jury could render a GROSS verdict in excess of $190,000, which would be reduced by PIP ($10,000), MedPay ($3,195) and BI Tortfeasor Setoff ($100,000) for a net verdict of $76,000[5], which meets the applicable federal threshold of $75,000.

17. Florida Courts have found that evidence of total past medical bills and a demand by a Plaintiff for a settlement in an amount more than $75,000 constitutes sufficient evidence to show, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirements.

18. In 1996 a Middle District of Florida jury awarded a plaintiff, $274,790 where the plaintiff suffered a shoulder strain requiring arthroscopic surgery.[6]

19. In 2014 a Southern District of Florida jury awarded a plaintiff, 484,748.53 , where the plaintiff sustained an injury to the left shoulder requiring arthroscopic surgery.[7]

---

[4] Defendant acknowledges that this is the total of the gross of the medical bills prior to insurance reductions.
[5] Depending on how much the net verdict exceeds the $100,000 of available UM coverage.
[6] See *Cosher v. Allstate*, JVR No. 181096, 1996 WL 504842 (Fla.Cir.Ct.)
[7] See *McLennan vs. State Farm*, 15 Fla. FJVR. 2-247, 2014 WL 7882301 (Fla.Cir.Ct.).

20. These jury verdicts which involve similar claims and/or medical bills suggest (although State Farm disputes it) that Farley's claim could have a net verdict value of $75,000 or more.[8] Certainly, the Court can rely on its knowledge and experience:

> If a defendant alleges that removability is apparent from the face of the complaint, the district court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. In making this determination, the district court is not bound by the plaintiff's representations regarding its claim, nor must it assume that the plaintiff is in the best position to evaluate the amount of damages sought. *Id.* at 771. Indeed, in some cases, the defendant or the court itself may be better-situated to accurately assess the amount in controversy. *See id.* (explaining that "sometimes the defendant's evidence on the value of the claims will be even better than the plaintiff's evidence," and that a court may use its judgment to determine "which party has better access to the relevant information.").
> Eleventh Circuit precedent permits district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See id.* at 754. **Put simply, a district court need not "suspend reality or shelve common sense in determining whether the face of a complaint ... establishes the jurisdictional amount."** *See id.* at 770 (quoting *Roe v. Michelin N. Am., Inc.*, 637 F.Supp.2d 995, 999 (M.D.Ala.2009)); *see also Williams*, 269 F.3d at 1319 (11th Cir.2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. This approach is consistent with those of other circuits. *Roe v Michelin North America, Inc.*, (613 F.3d 1058, 1061-62 (11th Cir. 2010).[9]

---

[8] A point not lost on Plaintiff's counsel having served a demand seeking the full extent of Farley's UM coverage ($100,000) with State Farm.

[9] *See also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986 (S.D. Fla. January 11, 2012) ("District courts must make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the

21. Based on the foregoing, State Farm submits that removal of this action is authorized under 28 *U.S.C.* § 1332 and § 1441 because of diversity of citizenship and the fact that there is at least a $75,000 controversy. *See e.g., Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988):

> We begin by addressing Myers's claim that there is no diversity of citizenship jurisdiction pursuant to the provisions of 28 U.S.C. § 1332(c) (1982). *As the district court properly determined, this lawsuit is not a direct action within the meaning of section 1332(c).* Myers, as an injured third party, brings this suit based on State Farm's failure to settle [the UM claim] within the policy limits and not, as contemplated by section 1332(c), as a result of State Farm's status as "payor of a judgment based on the negligence of one of its insureds." *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 473 (1st Cir.1979); *accord Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir.1985) (*"unless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action"*); *Beckham v. Safeco Ins. Co. of Am.*, 691 F.2d 898, 901-02 (9th Cir.1982). State Farm is incorporated and has its principal place of business in the state of Illinois. It therefore is deemed a citizen of that state for purposes of determining diversity. Since Myers is a citizen of Pennsylvania, federal subject matter jurisdiction exists over this action. (emphasis added).

**WHEREFORE,** State Farm respectfully requests this Honorable Court take jurisdiction of this action, and that the removal of this cause to this Court be effectuated.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing pleading has been sent by E-mail this JANUARY 19, 2018 to: **TONY GRIFFITH, ESQ., 29605 US**

---

pleading to determine whether it is facially apparent that a case is removable"...[and] may employ its own judicial experience or common sense to discern whether a complaint establishes the jurisdictional amount in controversy required for removal").

---

19 N, Suite 210, Clearwater, FL 33761 (tg@tanneygriffithlaw.com; stacy@tanneygriffithlaw.com).

/s/ *Thomas "Kevin" Knight*
**THOMAS "KEVIN" KNIGHT**
Fla Bar No: 318892
KKNIGHT@DSKLAWGROUP.COM
ELamb@DSKLawGroup.com
CRyan@DSKLawGroup.com
**ROBERT N. BELLE, JR.**
Fla Bar No: 17794
RBELLE@DSKLAWGROUP.COM
MSerret@DSKLawGroup.com
MBryan@DSKLawGroup.com
deBeaubien, Simmons, Knight, Mantzaris & Neal, LLP
332 N. Magnolia Avenue
Orlando, FL 32801
Direct: (407) 992-3556 Asst: (407)992-3552
Main: (407) 422-2454 Fax No: (407)4220970
Attorneys For STATE FARM

TKK11@DBKSMN.COM
elamb@dbksmn.com;
jab77@dbksmn.com
Attorneys For State Farm

17794