IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
CASE NO. 8:18-cv-00171-T-30SPF

JENNIFER FARLEY,

        Plaintiff,

-v-

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY, a foreign corporation
authorized to do business in the
state of Florida,

        Defendant.
_____/

## **PLAINTIFF'S MOTION IN LIMINE**

The Plaintiff, JENNIFER FARLEY, by and through her undersigned counsel, and pursuant to relevant Florida Statutes and case law, requests this Court enter an Order disallowing any reference or mention by the Defendants, Defendants' counsel, or the Defendants' witnesses of the following:

    1.    Prior claims for personal injury or workers' compensation, and settlement amounts. While evidence of prior injuries may be relevant, reference to prior claims made for personal injury and/or workers' compensation benefits, along with any reference to prior settlement amounts, are not relevant and the prejudicial effect outweighs any possible probative value. Leslie v. Higgason, 779 So. 2d 470 (Fla. 2d DCA 2000).

    2.    The hiring of an attorney. Any questions regarding the time period or circumstances under which the Plaintiff hired an attorney. Watson v. Builders Square, 563 So. 2d 721 (4th DCA 1990); Howard v. Palmer, 123 So.3d 1171 (4th DCA).

3.	Income tax consequences of a recovery.  That any recovery by the Plaintiff will not be subject to income tax or any other form of taxation.  Good Samaritan Hospital v. Saylor, 495 So. 2d 782 (4th DCA 1986); Comfort Makers v. Kenton, 515 So. 2d 1384 (5th DCA 1987).

4.	Calling a defense medical expert an "independent" medical examiner or referring to an independent medical examination.  Rule 1.360 does not contemplate that an examiner be called as a witness under the title of an independent expert and, in fact, prohibits any identification that the examiner was appointed by the Court.  Likewise, a compelled medical examination pursuant to Rule 1.360 should not be presented as an independent examination by referring to the defense expert in that manner.  Furthermore, it is inappropriate for the defense expert to present surprise testimony or materially change his testimony.

5.	References to overcrowded courtrooms.  Any reference to crowded courtrooms or identifying directly or indirectly this case as being the type of case that causes delay or backlogs in the court system.  Stokes v. Wet N' Wild, Inc., 523 So. 2d 181 (5th DCA 1988).

6.	Resulting effects of lawsuits on insurance rates, an insurance crisis, or similar allegation.  That personal injury lawsuits, or this case in particular, has an impact upon insurance rates, an insurance crisis, charges, premiums, or similar allegation.  Davidoff v. Segret, 551 So. 2d 1274 (4th DCA 1989).

7.	Improper reference to articles by experts to bolster opinions.  The general rule is that authoritative publications can only be used during the cross-examination of an expert and cannot be used to bolster the credibility of an expert or to supplement an opinion.  Erwin v. Todd, 699 So. 2d 275 (5th DCA 1997).

8.	Any mention that Plaintiff has or has had health insurance, and whether his health insurance has paid for any of the treatment received by Plaintiff was paid by health insurance.  Such

evidence is inadmissible.  Goble v. Frohman, 901 So.2d 830 (Fla. 2005); Nationwide v. Harrell, 53 So.3d 1084 (Fla. 1st DCA 2010); Joerg v. State Farm 176 So. 3d 1247 (Fla. 2015); Fla. Stat. S. 768.76.

9. Any mention regarding whether any of Plaintiff's health care providers submitted medical bills to his health insurance company.  Goble v. Frohman, 901 So.2d 830 (Fla. 2005); Nationwide v. Harrell, 53 So.3d 1084 (Fla. 1st DCA 2010); Joerg v. State Farm 176 So. 3d 1247 (Fla. 2015); Fla. Stat. S. 768.76.

10. Any evidence or testimony that Plaintiff, has settled her claims with the Defendants, EZ Floor Removal, Inc. and Michael Henderson; and any evidence or testimony regarding the amount of the settlement.  Such evidence should be excluded pursuant to controlling Florida Law. Fla. Stat. 90.408 (2019).  Fla. Stat. 768.041 (2019)(768.041(3)- "The fact of such a release or covenant not to sue, or that any defendant has been dismissed by order of the court shall not be made known to the jury."); Saleeby v. Rocky Elson Construction, Inc., 3 So.3d 1078, 1086 (Fla. 2009). Further, such evidence would be excluded as a collateral source.  Fla. Stat. 768.76 (2019); Benton v. CSX Transp., Inc., App. 4 Dist., 898 So.2d 243 (2005);  Harris v. R.J. Reynolds Tobacco Company, M.D., Fla.2019, 383 F. Supp.3d 1315;

11. Any evidence that Plaintiff received a "$115.00 Bad Debt Adj" for a date of service 11/21/13 at Doctors Urgent Care.  See record attached as "Exhibit A."  It states under patient notes that "$115.00 BAD DEBT ADJ For dos 11.21.13- United Applied Deduct No Response to Stmts Emergency contact: 727-442-1656 UHC 961418890 Verified 11.21.13 co-pay $0."  It appears that there was an issue with receiving payment for United Health Care.  This would improperly insert evidence of health insurance.  See Goble v. Frohman, 901 So.2d 830 (Fla. 2005); Nationwide v. Harrell, 53 So.3d 1084 (Fla. 1st DCA 2010); Joerg v. State Farm Mutual Automobile Ins. Co., 176

So.3d 1247 (2015). This date of service occurred approx two and half years prior to the collision that is the subject of this lawsuit. Plaintiff, JENNIFER FARLEY, went to Doctors Urgent Care for a cold, and was ultimately diagnosed with acute sinusitis. Additionally, Doctors Urgent Care is not a provider that treated Plaintiff for any of the injuries she sustained in this lawsuit, nor is Plaintiff seeking any damages from this date of service. Whether Plaintiff had a bad debt adjustment is clearly not an issue for the jury to decide, nor would a bad debt adjustment from two and half years before the collision tend to prove or disprove any material fact. As such, this evidence would be irrelevant. Fla. Stats. 90.401 & 90.403 (2019). Additionally, this would be improper impeachment and/or character evidence and would simply be a collateral issue at best. Fla. Stats. 90.608, 90.609, and 90.610 (2019).

12. Any mention that the Texas Board of Medicine issued a cease and desist order against Dr. Michael Freeman for unfounded allegations that Dr. Freeman referred to himself as a doctor in the state of Texas. The cease and desist order was rescinded the Texas Board of Medicine on February 13, 2019. Order attached as "Exhibit B." Ultimately "the complaint was dismissed because it was fraudulent." Freeman Depo 20:18-21:15 attached as "Exhibit C." Unfounded and unsustantiated allegations would absolutely be improper impeachment or character evidence, and would be misleading to the jury. See Fla. Stats. 90.608, 90.609, 90.610, 90.403; In re Commitment of George Debolt v. State of Florida, 19 So.3d 335 (Fla. 2nd DCA 2009); Roosevelt v. State, 42 So.3d 293 (Fla. 3rd DCA 2010)

13. Any mention that in 1990, Dr. Freeman, as a practicing chiropractor, was sued by the State Accident Insurance Fund in Oregon for allegedly using a diagnostic device that had been banned by the FDA. In fact, Dr. Freeman had never possessed nor used such a device. The case was dismissed with prejudice after the plaintiff moved for dismissal. Reference to any aspects of this

litigation would do no more than inject collateral allegations that were unfounded, dismissed decades ago and have no bearing on the merits of Dr. Freeman's opinions in the present case. See Fla. Stats. 90.608, 90.609, 90.610, 90.403; In re Commitment of George Debolt v. State of Florida, 19 So.3d 335 (Fla. 2nd DCA 2009); Roosevelt v. State, 42 So.3d 293 (Fla. 3rd DCA 2010).

14. Any mention that in 1986, Dr. Freeman was suspended from chiropractic school for one term. The school did not make sufficient patients available to the interns in order for them to graduate on time and it was Dr. Freeman's experience that often interns took credit for patients seen by other interns as a means of completing clinic requirements. Dr. Freeman admittedly participated in this activity that he realized was a violation of school policy. It was only after Dr. Freeman complained about the school's failure to provide sufficient patients for the interns that he was suspended. Dr. Freeman was the valedictorian of his class and following the suspension was granted the doctor of chiropractic degree. As a result of what Dr. Freeman saw as an untenable situation for chiropractic interns, during the period of his suspension he helped establish a liaison between the chiropractic school and a homeless shelter medical clinic that is still in operation, allowing interns to complete their requirements without difficulty. Dr. Freeman is now an adjunct professor at the same school (University of Western States). The suspension is quite remote (30+ years old), and irrelevant to Dr. Freeman's qualifications or opinions in this case. No documentation of the suspension is contained within any school records, and Dr. Freeman is unaware of the existence of any authentic documentation pertaining to the event. See Fla. Stats. 90.608, 90.609, 90.610, 90.403; In re Commitment of George Debolt v. State of Florida, 19 So.3d 335 (Fla. 2nd DCA 2009); Roosevelt v. State, 42 So.3d 293 (Fla. 3rd DCA 2010).

15. Any evidence or testimony regarding health insurance, medicare, medicaid, or personal injury protection rates. Such evidence has been held to inadmissible by controlling case

law.  Goble v. Frohman, 901 So.2d 830 (Fla. 2005); Nationwide v. Harrell, 53 So.3d 1084 (Fla. 1st DCA 2010); Joerg v. State Farm Mutual Automobile Ins. Co., 176 So.3d 1247 (2015).

16. Any evidence or testimony regarding Plaintiff, JENNIFER FARLEY, hospitalized in a psychiatric ward when she was approximately 15 years old.  As Plaintiff discussed in her deposition, when she was approximately 15, she ran away from home, when she returned, her parents had her hospitalized.  Plaintiff was 36 years old at the time of the collision that is the subject on this lawsuit, and is currently 39 years old.  This evidence is so remote in time that it would irrelevant for the jury's consideration.  Fla. Stat. 90.401 (2019).  Further, even if this Court were to find any relevance with such old and remote evidence, the Court should exclude it as any probative value would be substantially outweighed the danger of unfair prejudice, confusion of issues, and misleading the jury.  Fla. Stat. 90.403 (2019).  Additionally, such evidence would improper grounds for impeachment or character evidence.  Fla. Stats.  90.608, 90.609, 90.610 (2019).

17. Referring to Plaintiff's uninsured motorist coverage as underinsured motorist coverage.  Plaintiff's cause of action against the Defendant for her "uninsured motorist coverage."  See State Farm Dec Page attached as "Exhibit D."  Plaintiff sustained injuries when she was rear-ended by Michael Henderson who was driving a vehicle owned by EZ Out Floor Removal, Inc.  Plaintiff settled her claim against Defendants, EZ Out Floor Removal, Inc. and Michael Henderson for the full amount of the applicable liability coverage.  However, the limits of liability covering those Defendants are less than the total damages sustained by the Plaintiff.  Florida Statute 627.727(3)(b), specifically defines the vehicle being driven by Michael Henderson as an "uninsured motor vehicle." ("For the purpose of this coverage, the term "uninsured motor vehicle" shall, subject to the terms and conditions of such coverage, be deemed to include an insured motor vehicle when the liability insurer thereof:...(b) Has provided limits of bodily injury liability for its insured which are less than the total damages sustained by the person legally entitled to recover damages").  Further, reference to Plaintiff's uninsured motorist coverage as "underinsured motorist coverage"

would necessarily inject evidence of settlement with other Defendants into the trial, which is prohibited by Florida Law.  Fla. Stat. 768.041 (2019); Saleeby v. Rocky Elson Construction, Inc., 3 So.3d 1078, 1086 (Fla. 2009); Fla. Stat. 90.408 (2019).

**WHEREFORE**, the Plaintiff, JENNIFER FARLEY, respectfully moves this Honorable Court to enter an Order granting this Motion in Limine.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been filed with the US Direct Court and a true and correct copy has been furnished by Electronic Mail to: **THOMAS "KEVIN" KNIGHT, ESQ. AND ROBERT N. BELLE, JR., ESQ.,** KKNIGHT@DSKLAWGROUP.COM; Elamb@DSKLawGroup.com; Cryan@DSKLawGroup.com; RBELLE@DSKLAWGROUP.COM; Mserret@DSKLawGroup.com; Mbryan@DSKLawGroup.com, on this the 22ND day of October, 2019.

        **TANNEY, GRIFFITH & BRESLER, P.A.**
        Attorneys for Plaintiff
        29605 U.S. 19 North, Suite 210
        Clearwater, FL 33761
        (727) 781-8817
        SPN No.  00659921
        Fla. Bar No.  0629073

        SERVICE DESIGNATIONS:
        Primary:  tg@tanneygriffithlaw.com
        Secondary:  stacy@tanneygriffithlaw.com

        By:     /s/ Tony Griffith
           TONY GRIFFITH, ESQ.