**EXHIBIT B**

IN THE MATTER OF | BEFORE THE

MICHAEL FREEMAN | TEXAS MEDICAL BOARD

## ORDER VACATING PRIOR CEASE AND DESIST ORDER

On the __13__ day of __February__, 2019, came on to be heard before the Texas Medical Board (the Board), duly in session, the matter of Michael Freeman (Respondent).

On November 30, 2018, Respondent, after receiving notice of an investigation into his alleged unlicensed practice of medicine in Texas, failed to appear at a Cease and Desist hearing in response to a letter of invitation from the Staff of the Texas Medical Board. The Board was represented by George De Loach, D.O., and Timothy Webb, J.D., members of the Board. Johnathan Stone represented Board Staff.

The Panel directed the Executive Director to execute a Cease and Desist Order pursuant to the authority granted by the Board after finding the following:

1. Respondent is not licensed to practice medicine in Texas.
2. Respondent is identified as a Forensic Epidemiologist and holds himself out as a doctor of medicine, identifying himself as Dr. Michael D. Freeman, MedDR PhD MPA FAAFS Forensic Medicine and Epidemiology.
3. Respondent resides in Portland, Oregon.
4. Respondent has completed the American equivalent of a PhD at UMEA UNOVERSITET in Sweden. He is not a medical doctor nor has he complete the necessary training to become eligible to be a medical doctor.
5. Respondent has held himself out as a medical doctor in Texas by:
    a. On or about May 3, 2017 Respondent opined on the relationship of the use of a seatbelt as a cause of death of J.B. Respondent held himself out as a "doctor of medicine" in writing this report. The death in question occurred in Texas.
    b. On or about September 9, 2016 Respondent, again while holding himself out as a doctor of medicine, gave an opinion regarding the causal relationship of a personal injury to specified diagnosed conditions for a

1

Texas resident – Ms. F.

c. On or about June 15, 2016 Respondent, while holding himself out as a doctor of medicine, again gave an opinion regarding the causal relationship of a personal injury to a list of diagnosed medical conditions for patient C.M.

d. On or about July 30, 2014, while holding himself out as a doctor of medicine, Respondent opined on the causal relationship between a personal injury and a spine condition for patient D.M.

Following the entry of a Cease and Desist Order, Respondent contacted the Board to advise that he did not receive written notice of the Cease and Desist Hearing.

All communications sent by the Board to Respondent via physical mail were returned undelivered. The address the Board used was provided by the Complainant.

Board Investigators were able to reach and correspond with Respondent via email. Respondent's email signature blocked contained a different physical address then the one used by the Board. The Board did not update their records with the physical address contained in Respondent's email signature block.

Board Staff only became aware of this after the entry of the Cease and Desist Order.

## ORDER

Based on the above, the Board ORDERS that the Agreed Order entered on November 30, 2018, should be and is hereby vacated.

SIGNED AND ENTERED on this 13 day of February, 2019.

Brint Carlton, Executive Director
Texas Medical Board

2