IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

**JENNIFER FARLEY,**

    Plaintiff,                           **CASE NO.: 8:18-cv-00171-JSM-MAP**

vs.

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,** a foreign corporation,

    Defendant.
_____ /

**DEFENDANT–STATE FARM'S AMENDED MOTION IN LIMINE REGARDING LIMITS ON THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESSES**

    Defendant, **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** ("State Farm"), by and through undersigned counsel and pursuant to Florida law, files this Amended Motion in Limine (the "Motion") for an order prohibiting any reference to the jury by the Plaintiff, Plaintiff's counsel, and Plaintiff's witness(es), regarding:

    1. Steven Collard's ("Collard") assessment of Jennifer Farley's ("Farley") medical or psychiatric condition. During discovery, facts arose that suggest Farley attributes depression and anxiety diagnoses to the motor vehicle accident that premises the instant action. Collard's education, training, and experience were thoroughly explored during his deposition. He testified that he is a "forensic vocational economist," and was retained to perform an assessment of Farley's earning capacity. See Collard Depo., Exhibit "A" hereto, 7:7; 6:24-25. He has an undergraduate degree in psychology and a master's degree in educational psychology. Collard Depo., 7:25-8:3. He admitted that he is not a clinical psychologist, Id. at

34:9-10; has no medical training; and is not qualified to diagnose patients. Id. at 34:14. When asked whether he plans to render any type of medical opinions at trial, Collard replied unequivocally, "Absolutely not." Id. at 63:24. Any reference to Collard's assessment of Farley's medical or psychiatric condition is therefore, irrelevant, and likely to mislead or confuse the jury. Moreover, any probative value of Collard's assessment of Farley's medical or psychiatric condition is substantially outweighed by the risk of unfair prejudice to State Farm.

  2. Michael Freeman's application of Farley's physical condition to epidemiological causation theories. Freeman is an accident reconstructionist, and holds a Ph.D. in public health/epidemiology. Freeman Depo., Exhibit "B" hereto, 12:6-9. His opinions and methodology were discussed at length during his deposition. Part of Freeman's assessment in this case includes "injury causation," see generally id. at 27, involving a population-based approach, comparing the risk of someone suffering an injury from an accident to the probability of someone who was not in an accident suffering the same injury. Id. at 34. Using this approach, Freeman opined that there was a 200,000 to 1 probability in favor of the accident being the cause of Farley's shoulder injury. Id. at 83:15-21. This assessment, however, was premised substantially, if not entirely, upon Farley's medical records. Id. at 86:17-20. Freeman did not examine Farley. Id. at 33:3-4; 86:5-6. Further, Freeman seems to have consciously disregarded Farley's deposition testimony in formulating his opinions. Specifically, when asked if he considered Farley's deposition testimony in assessing the proximity of Farley's injuries relative in time to the subject motor vehicle accident, Freeman replied, "Yes. And – and to some extent what Ms. Farley said in her deposition. But I didn't need that because we

had EMS records and we had emergency medical assessment." Id. at 86:17-20. Independently, Freeman's testimony will not assist the jury, as his assessment of the temporal connection between the subject motor vehicle accident and Farley's injury complaints is an issue which a lay person can examine without the need for expert testimony. See Cooper v. Marten Transport, Ltd., 539 Fed. Appx. 963, 968 (11th Cir. 2013). In other words, "to offer admissible expert testimony an expert must assist the trier of fact beyond the average lay person." U.S. vs. Frazier, 387 F.3d 1244,1263 (11th Cir. 2004). Freeman's epidemiological causation opinions do not. On the contrary, Freeman's anticipated testimony utilizing statistical probabilities regarding the cause of Farley's shoulder injury is likely to mislead or confuse the jury, thereby hindering its ability to effectively comprehend and weigh the evidence. Independently, Freeman's opinion regarding causation of Farley's left shoulder injury is cumulative to that of Dr. Alan Graves, the orthopedic surgeon who examined and treated Farley. To wit, Dr. Graves testified that it is his opinion that the shoulder surgery he performed on Farley was caused by the subject automobile accident. See Graves Depo., Exhibit "C" hereto, 86:3. Accordingly, the Plaintiff should be prohibited from referencing Freeman's epidemiological causation opinions in the presence of the jury.

    3. Michael Freeman's assessment of Farley's medical condition. Freeman has a nonclinical medical degree issued by a university in Sweden in 2013. Freeman Depo. at 12:6-17. However, Freeman is not licensed to practice medicine in Florida, and is not a clinical medical doctor. Id. at 13:20; 14:17-21. Freeman describes himself as a "medical scientist, not a medical clinician." Id. at 13:15. Freeman's assessment of Farley's medical condition is likely

to mislead or confuse the jury. Therefore, the Plaintiff should be prohibited from referencing Freeman's assessment of Farley's medical condition.

4. Per the court's Second Amended Case Management and Scheduling Order, the Discovery Deadline in this matter was set for June 21, 2019. However, during the period leading up to this deadline, the Plaintiff was not fully forthcoming with all discovery regarding claims made in this case. Specifically, the Plaintiff failed to disclose Jennifer Farley's medical records regarding treatment rendered on or after May 16, 2019 and corresponding medical bills, until October 23, 2019. According to the Local Rules for the United States District Court, Middle District of Florida, "The pretrial order, if any, will control the course of the trial." Further, "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P 37(c)(1). Therefore, all discovery received after the court designated discovery cutoff should not be allowed into evidence and should be deemed in opposition to the rulings set forth in the Second Amended Case Management and Scheduling Order.

**WHEREFORE**, the Defendant, State Farm, requests that this Court enter an Order: (a) granting this Motion; (b) directing that there be no reference to a diagnosis of depression or anxiety by Steven Collard; (c) directing that there be no reference to Michael Freeman's population-based injury causation opinions; (d) directing that there be no reference to Michael Freeman's assessment of Jennifer Farley's medical condition; (d) directing that there be no

reference to treatment received by plaintiff or bills generated on or after May 16, 2019; and (e) awarding such further relief in favor of State Farm as the Court deems just and proper.

## LOCAL RULE 3.01(G) CERTIFICATION

I HEREBY CERTIFY that I have conferred with counsel for the opposing party in a good faith effort to resolve the issues raised in these motions and they oppose the requested relief.

/s/ *Connor S. Kelly*
**CONNOR S. KELLY**
Fla Bar No.: 115742

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent by email this 7th day of November, 2019, to: **TONY GRIFFITH, ESQ**., 29605 U.S. 19 N., Suite 210, Clearwater, FL 33761 (tg@tanneygriffithlaw.com; stacy@tanneygriffithlaw.com).

/s/ *Connor S. Kelly*
**THOMAS "KEVIN" KNIGHT**
Fla Bar No.: 318892
KKNIGHT@DSKLAWGROUP.COM
ELamb@DSKLawGroup.com
NEstella@DSKLawGroup.com
**CONNOR S. KELLY**
Fla Bar No.: 115742
CKELLY@DSKLawGroup.com
JTaylor@DSKLawGroup.com
PMiranda@DSKLawGroup.com
**DSK Law – Orlando Office**
332 N. Magnolia Ave. | Orlando, FL 32801
D: (407) 992-3520 | Asst.: (407) 992-3563
Main: (407) 422-2454 | Fax: (407) 422-0970
Attorneys for State Farm